**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6544**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KENYATTE BROWN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:01-cr-01109-MBS-1)

Submitted: June 30, 2020                     Decided: July 13, 2020

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, William K. Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyatte Brown petitions this court for panel rehearing and rehearing en banc of our decision affirming the district court's denial of relief on Brown's motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. *See United States v. Brown*, 785 F. App'x 189, 190 (4th Cir. 2019). In light of our decisions in *United States v. Woodson*, __ F.3d__, No. 19-6976, 2020 WL 3443925 (4th Cir. June 24, 2020), and *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), we grant Brown's petition for panel rehearing, vacate the district court's order, and remand for consideration of Brown's claims on the merits.[*] We express no opinion on the merits of Brown's First Step Act motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] The district court did not have the benefit of *Woodson* and *Chambers* when it denied Brown's motion in this case.

2